To be argued today, State of Nevada, State of Texas, Chipotle, Mexican Grill, and others v. Carmen Alvarez and others. Thank you, sir. You may begin. Thank you. Good morning, and may it please the Court. Conjunctions run against parties and those acting in concert with them. They do not run against complete strangers to a lawsuit. When the district court below held plaintiff and her counsel in contempt, it violated that basic rule and claimed a coercive power over millions of Americans that the courts have consistently and rightly rejected. This contempt order should be reversed. Can you get right to Rule 65? Is she or is she not in privity with the Department of Labor and with the Secretary of Labor? I think she is. Is she an agent? That's the issue right there. If she is, then I think the injunction can apply to her. This case does begin and end with Rule 65. That's absolutely correct. And if you look at Rule 65, it tells you who is bound by a district court's injunction. It's the parties, their officers, their agents, their servants, their employees, their attorneys, and those in active concert with them. Ms. Alvarez, her counsel, had no connection whatsoever to the original lawsuit in this case. I know, but she certainly has a connection to the injunction, to the subject matter of the injunction. And that fact pattern is exactly the fact pattern that appears in all of the non-party cases in Rule 65. Because what happens in these cases is usually there's a non-party and then the person who has an injunction says, this is somehow interfering or not consistent with what I want my injunction to be. That's always the fact pattern. And the courts consistently say unless there's active concert, active participation between Ms. Alvarez and her counsel in this case and the federal government. Well, what could be more active than the injunction being against the enforcement of the regulation and she attempts to enforce the regulation? Now, in her private capacity, she attempts to enforce the regulation. I mean, I'm setting this out in the sense that I think it's pretty close. Well, here's why I think it falls on our side of the ledger. Whatever the status, injunctions bind people. The act in question may mean that the legal claim in the New Jersey court, maybe that should be dismissed. That would be a question for the New Jersey court to decide. That's a question of law. But bringing the action itself does not make Ms. Alvarez and her counsel lawbreakers. And that's what makes this case so out of step, so foreclosed by this court's Rule 65 precedent and the Supreme Court's 65 precedent. You know, I point the court, you know, to the generative case here, legal knitwear, a Supreme Court case. And there the question was, could a successor or a sign of an enjoined party be bound by an injunction entered against the predecessor? What the Supreme Court said was Rule 65 has a constitutional limitation on it. Successors and assigns may be bound, but only where there's proof that the successor is an instrumentality of the original bound party to evade the injunction. And, of course, that's again a case in which the subject matter of the injunction is going to be at issue in the predecessor case and in the successor case. That happens in all of these cases. Otherwise, the case wouldn't come up in the first place. But what the Supreme Court said was it wasn't enough for the subject matter to be at issue. What matters is if it's the same party or an agent or someone working together with them. And there is no contention in this case, nor could there be, with respect, that Ms. Alvarez or her counsel have any connection whatsoever to the parties who are bound by the district court's injunction in this case. But I guess several questions. One, you weren't disputing that unnamed parties can be bound as a general principle. In some instances, unnamed parties can be bound. And this Court in particular just has a very robust and important history of unnamed parties being bound by injunctions to prevent collusion and sidestepping of injunctions. I wouldn't go that far, Your Honor. Well, our court – I mean, I'm sure you're familiar with our court's long history back to all the injunctions in place after Brown v. Board of Education. Yes. So it's clear that parties, governors of states, can be held in contempt even if they aren't originally named. So how do we draw the line, as my concern, acting in concert with if parties are aware and they do the business of defying – you go ahead. You see where I'm driving at? Absolutely. So I want to take it step by step because I think you've raised an important point, and I recognize I'm in the Judge Wisdom courthouse and talking about these questions. First of all, actual notice is not going to be enough because Rule 65 says actual notice is necessary but not sufficient to bind someone to an injunction. It's people bound are those who have actual notice and fit the requirement of active participation. Yes. So the line is very clear, and with respect, to adopt the position below obliterates the line. You need active participation, working together, not simply being aware that there's an injunction, but actually working together. Collusion – courts are very capable of determining who is a colluder and who is a stranger. This is a stranger lawsuit. And again – What if beyond it being aware, clearly they were aware of the nationwide injunction, what if the Department of Labor said, well, we can't pursue it for you, but you go ahead. You've got a private lawsuit cause of action. If there had been any exchange between attorneys. If there had been any – no, I wouldn't think so because, again, if you look at these cases, this court's cases after, say, Hall, they talk about even where the parties know each other. I point the court to Justice Ginsburg's opinion in the Sturgill case, which talks about how in tamping down on this virtual representation or adequate representation theory, Justice Ginsburg took great pains to say that a mere – what she called a mere whiff. We don't even have an iota of a whiff in this case. But a mere whiff that the parties are aware of each other or knew each other or even had talked to each other would not be enough to meet the stringent grounds that due process requires before someone can be punished, punished as a lawbreaker. I want to repeat the point. People lose lawsuits all the time on 12B6 motions, on summary judgment motions. They're wrong about the law. That's our system. It's the end of the case. But to be punished as a lawbreaker, there must be – What – just as an officer of the court, what's happening in New Jersey? Did they move for Rule 11 sanctions because it was a frivolous case? Well, it's quite something, Your Honor. No, they haven't. They didn't even move to dismiss. They answered. Chipotle answered this case, thereby acknowledging that our count stated claim – and by the way, there are state law counts in this case. There are federal claims that do not turn on the overtime rule. What they did was they answered, not moved to dismiss, and then came to the Texas court, as a complete stranger to that court, as much of a stranger to it as we were, and asked Judge Mazant to hold us in contempt for promoting a theory or filing a lawsuit that included one theory that involved the overtime rule. If that is on the right side of the line, if that is on the right side of the line, there is no limit. All of the cases that talk about non-partying, it's not being bound by injunctions, Zenith, Octavi, Regal Knitwear, Travel Post, all of these cases have a stringent requirement of active participation. And you made these arguments to Judge Mazant? Yes, we did, Your Honor. There's no argument of – we have made the same arguments below as we're making them now. And there was a hearing, not just on paper. He had a hearing on this? He did have a hearing, Your Honor. That's correct. And I think Judge Mazant's stay order, I think, showed some increased awareness of what the law requires in this situation. The contempt order was quite definite. The stay order acknowledged that he had no precedent to support his position, and he may, in fact, have changed the relationship between the American people and their government. That's a paraphrase, but a close one at this opinion. And it did because there is no case on the books, none that they've cited, and there's a ton of cases on the other side that say just because the government is enjoined from doing something, a complete stranger – When you say a ton of cases, you may know I always like to know what's the best of the ton. So in preparing for this argument, I tried to think what I would say is the answer to that question. And it's a little difficult because there's so many that repeat the point. I know. I would start with regal knitwear because that tells you from around the time that Rule 65 was adopted and became a federal rule, I think it's quite telling that a successor or an assigned, someone who has a relationship, a relationship with the bound party, isn't necessarily bound by the injunction unless there's a proof that the successor was a means of getting around the injunction in question. If you start with that as your font for how Rule 65 works – the enforcement of this statute and, I mean, this regulation completely. I mean, so there is no – I mean, if the injunction is to have any respect, there is no regulation upon which the case can be based. Now, so what do you do ultimately if they get past the contempt aspect of the injunction to the merits of the case? It would be a normal case in which Chipotle – although they did not move to dismiss on 12B6 grounds. I want to point that out. But let's say that they moved for judgment on the prudence or summary judgment. Right. Then the validity of the overtime rule, the availability of the overtime rule as a basis for relief or really as a defense for Chipotle – that's where it comes in – would be a defense that they could interpose. And if the trial court agreed that it was – the overtime rule defense was available to Chipotle, that aspect of the claim could not go forward. Well, no, I'm just saying the district court was faced with the question. You're saying that it could not go forward in view of the fact that it had been enjoined. If the – The regulation had been enjoined and they had no claim. They – the claim would be dismissed the way that – the way that claims – Okay. So you're essentially saying that she has no claim in view of the injunction, but she is not in contempt of the injunction. Is that your position more or less? Our position is that the regulation was not taken off the books in a way that deprives us of an ability to bring that – to bring that cause of action. But that doesn't – but even if we're wrong about that, then we lose that aspect. Is the plaintiff entitled to the benefits of the regulation, notwithstanding the injunction? Well, that's what many cases from this Court have talked about. I'm asking you. Yes, you're saying – That would be a question of preclusion, Your Honor. Could Chipotle invoke – it would be a question of preclusion. And the question would be does Chipotle have a defense based on what happened in Texas? There's going to be a dispute about that, I suppose. But regardless of who wins or who loses that dispute, the case would go forward anyway on the other counts. This was not just a one-count, one-trick pony. And secondly, then if they were wrong about that, then the claim would be dismissed. And they would be out of luck as to that particular theory. But preclusion is always assessed by the second court. Yes. Preclusion is assessed by the second court. And there would be a debate. And that would be the normal route that a case like this would travel. And that route would go through New Jersey and stay in New Jersey. It wouldn't go to a foreign court where everyone is a stranger to it. If I could, I'd like to reserve the balance of my time. Well, you probably have five minutes. Or is there a split time here? I have 245 left. Oh, that's all you have left total? Okay. Oh, does this go – oh, I have two minutes. Your four is built in. Sorry. Then I'd be happy to answer any questions you have. No, I think you've covered what I had to ask about. I'm fine. Thank you very much. You can say that. You know, I'm still one. Speak to Southwest Airlines. Just one. One, one, one. A little more so. Southwest Airlines, the virtual representation thing. Sure, absolutely. So that's not an injunction case, so you can stop right there. That's just a question about preclusion. But even on its own terms, Southwest is not a case that's available to the other side here. That stands for the proposition that when the government brings a lawsuit, the government brings a lawsuit and loses a successive private plaintiff if it's suing for the same public benefit that the government was suing for. Nobody can land at the airstrip, or Southwest Airlines can't land at the airstrip. It may be precluded. But what Southwest is very careful to say, and the courts that have followed Southwest, the decisions that have followed Southwest from this court have been very careful to say, is if the plaintiffs have their own private right of action for their own private benefit, then there's no preclusion. There's not even a preclusion, let alone – Yes. I think I understand that from the briefs. But when you say courts following Southwest have said that, what's your best court? Subsequent Southwest says if private right of action, preclusion won't occur, even preclusion. If it's in the briefs, that's fine. Well, it's in the briefs, and Southwest itself makes the point. And Southwest also talks about the E.D. Eliot advertising case, footnote 54 of that opinion, which is one in which the government is a defendant in the first action like this case. And they say that would be different, but that's not like here because here the government was the plaintiff in the first action. So they make that distinction as well. Okay. And I'll be happy to get you more citations when I come back. Thank you, sir. If there are no further questions, I'll reclude the balance. Thank you very much. Ms. Beckwith. Thank you. May it please the court. My name is Kendra Beckwith, and I'm here on behalf of the Apple East Chipotle, the Chipotle entities. The injunction's application to Respondent's New Jersey lawsuit was plain, clear, and self-evident. And the issues now before this court begin and end with the fact that Respondent's were acutely aware of that injunction, recklessly disregarded a duty to the court to obey it, and disobediently attempted to enforce the final rule anyways. And those are the district court's words, not mine. This is not asserting a new legal theory or even attempting to undermine a federal court order. This is a direct frontal attack to it that the district court correctly recognized and addressed. And for that reason, the district court's contempt of it is very firm. Well, I wouldn't say that. I mean, it's certainly not specifically enjoined by me. Alvarez is not. I mean, she has a legitimate argument. I mean, I say a legitimate argument. She has a colorful argument, for sure, in my opinion, that she may not be covered under that injunction. Of course, it was specifically against the Department of Labor, and it did enjoin the regulation. But she could come into another court under her name as a citizen and try to claim the benefits of it. I don't think she'd get there far. But, I mean, whether she's in contempt or not, contempt or not, I mean, seems to be the question. And that, in my opinion, determines whether she comes within Rule 65 and all of its additions and background and history to what it does apply to, that is, in privity, somehow it's in privity with the Secretary of Labor. Well, and I agree with you, Judge Jolly. We start with Rule 65. Maybe end with it. Well, we start and end with the fact that Rule 65 embodies all of the common law categories of individuals and nonparties who could be bound by an injunction. And those include individuals or nonparties in privity with a party to the injunction. And in this case, I don't think it's any more complicated than a reading of Taylor, the same Sturgill case that my opposing counsel cited. Because what Taylor sets forth is an adequate representation doctrine that says when you as a nonparty have been adequately represented in the underlying matter, you, too, are bound by the injunction. And adequate representation is no more complicated than two factors. Are the interests aligned? And did the party in the underlying proceeding understand that it was acting in a representative capacity for nonparties? Now, the District Court made findings that amply satisfied both those factors. Specifically, at Record Site 4974, the District Court found that the DOL declared it was representing the rights of employees like Ms. Alvarez, that the DOL had warned in joining the final rule would harm the financial interests of employees like Ms. Alvarez, and that the DOL advocated for interests congruent. Is there anything to suggest the DOL enlisted Alvarez and the attorneys? There is not. Is there anything to suggest that Alvarez and the attorneys aided and abetted DOL getting around the injunction explicitly applied to DOL? There is not. Then how do you explain or what is your response to what would seem on the face of it to be an absurdity that every citizen in the United States was acting in concert with the – to whom this regulation might or might not apply – in concert with the Secretary of Labor, was in privity with the Secretary of Labor? I mean, that seems like – I mean, it seems like a stretch. The way that this injunction functions, I absolutely agree to the extent that what the injunction does is define the rights of all of the workers in the United States who are subject or may have been subject to the final rule. However, the real concern is, is the district court going to reach out and hold those millions of individuals in contempt? And the answer is no because only one individual in two years in the entire country read that injunction to permit them to go to New Jersey and file a lawsuit. Well, what's the limiting principle for the future? Let's say many had all over the country. They're all in contempt. What's the limiting principle to your very expansive notion of privity? The limiting principle is simply the due process concerns that the Chase case addresses, and that's at 291 U.S. 434. But my question is let's say individuals independently all over – the FLSA gives you a private right of action. You're not contending that they can't sue. You're contending that if they do sue, the rule doesn't exist. It's been invalidated. Or are you saying they can't even file suits anywhere in the country? That is better articulated. They can file an FLSA suit, but they cannot file a suit to enforce a final rule that has been held to be not enforceable and to be held enjoined from implementation in the nation. So there is no limiting principle. It applies to every single individual nationwide. If they file that suit premised on the overtime regs, they are automatically in contempt. Specifically the final rule, yes, not overtime regs generally. We are talking about a very narrow final rule. So how many millions of potential contemnors do we have in the United States? I mean that sounds – Potentially, sure. But in this case, on these facts, only one. I don't understand. Why wouldn't you file the Rule 11 sanctions? Why wouldn't you even have filed a motion to dismiss? Very simply, because the plain language of Rule 12 does not allow us to dismiss a theory. As pled in New Jersey, there was one claim with two theories, one dealing with classification under the FLSA regulations and one dealing with the final rule. And the judge in front of whom this case is set in New Jersey makes clear that he does not grant 12-F motions. The judge makes clear? We could not move to dismiss the claim. The judge disfavors Rule 12-F motions to strike pleadings. And at its core, in light of the injunction, the point is we – Ms. Alvarez is enjoined from even fighting over the validity of the final rule. There can be no actions taken to enforce or implement the final rule. So win, lose, or draw on the merits of the New Jersey claim, in light of the injunction, there should be no lawsuit fighting about the validity of the final rule based on the scope of the final injunction. I wonder whether a private party can, in terms of, quote, enforce, in terms of the injunction, the word enforce the regulation. I mean, whether a private suit enforces the regulation. I don't know what the confines of the term enforce mean in the injunction as it's specifically directed to the enforcer of the United States. That's the Secretary of Labor. Well, I think if you look at 29 U.S.C. 216B and C, what you see is that the private right of action is in fact a private attorney general type action. The regulation is the same. It is the same thing. If the DOL is going to enforce the final rule, it's going to do it under 216C. I guess trying to enforce her rights, her individual rights. Well, but in this case, there is no parallel private. Very unimportant question. I don't think about it. Well, and even if this court decides that privity is not the manner in which she was bound by the injunction, you still should affirm, because under the Hall case, what Ms. Alvarez was doing threatened the very core of what the injunction was intended to do. And if you look at the Hall case, it makes clear that a court may hold in contempt parties that threaten the court's ability to render a binding judgment. In other words, as this court recognized, particularly in light of the civil rights precedent coming out of this court, an injunction may bind an undefinable class of potential disruptors. That's precisely what Ms. Alvarez is here. If she is allowed to go to New Jersey and enforce a rule that has been held, enjoined from implementation and enforcement in Texas. What is your best case where you have someone you'll describe as a potential disruptor, but the disruption is that they're going to file a lawsuit? What's your best case? No legal privity at all? The Hall case. Yes, Your Honor. And that's injunction, not preclusion? That is correct, Your Honor. Unless this court has further questions, the remaining amount of my 20 minutes is allocated to my co-counsel, and I would ask that the contempt action be affirmed. Thank you. Mr. Van Dyck. Good morning, Your Honor. May it please the court. Lawrence Van Dyck on behalf of the State of Philadelphia. And I want to address – Judge Higginson, I'm going to try to give you a limiting principle. You asked for one, and so I'm going to see if I can give you one. I think that Alvarez's counsel has done a great job of framing this in a way – it's a powerful argument to say you're trying to bind the world essentially. You're trying to bind literally millions of Americans for being able to enforce the theory that is behind this injunction. I don't – behind the contempt order. I don't think that's quite right. Let me see if I can give you an illustration and we'll illustrate that. Let's say there was an injunction against some government agency and said you've got ten vehicles in your motor pool and you can't use any of those vehicles. There's some contested thing. We just want to keep those vehicles from being used until we figure out who owns them or something, right? And then somebody comes along and says here – I'm relying on the authority of the government entity that has been enjoined. I'm going to take one of those vehicles and go use it. And that person uses the vehicle and then the judge holds that person in contempt for having used the vehicle. And that person says I've got no relationship with the government agency that I – and so you could say that that injunction that I just gave as an example, which only binds the agency, you could say if you take Alvarez's sort of reframing of it, you could say that's an injunction that binds the world because anybody in the world who walks in and says based on the authority of that agency, I want one of these ten vehicles, that person will get – that person will be bound by the injunction. And that's a good point. Is that essentially a reframing of the facts in our – I can't pronounce it – Waffen – Waffenschmitt case? Do you remember that? Which is the one about the dissipating assets? So if there's a set of money that's enjoined and another person comes in to take it, they've put themselves inside the judgment. What I don't see here though is how is this judgment applied to DOL threatening – how is that threatened at all by the FLSA private lawsuit? Here's why I think actually in some sense maybe this case is not – admittedly, there's not really on-point precedent because I think what Alvarez has tried to do by going to another court and essentially trying to get that court to creatively reinterpret Judge Mazzot's order in a way that I think is pretty strongly at odds. But time out on that. Why is there any reason to think they will creatively reinterpret it? They will be – they will have to apply it preclusively. I don't know. In other words, this is a very big issue, but in many ways you're almost for sure going to win just in the court rather than someone being held in contempt in another state. I think that's probably true, but it's a game of – what Alvarez's counsel did here, Your Honor, is they're bringing these lawsuits in many different places. So if they keep throwing the ball at the wall, at some point their hope is to get it over the wall with some judge somewhere. And if they do that in this context, Your Honor, what will happen? And this is why we care, right? This is why Nevada is here. Because we worked very hard to get an injunction that was clear on its face, and I can tell you why it's super clear that it kept the rule from going into effect. That's what we wanted. Page 15 of our brief we cite. That's what we asked for. Page 15 of the PI order, Judge Mazzot says that's what we asked for. Judge Mazzot said the reason that I'm giving this order is very clear because I don't think they have authority. So it would have been really weird for Judge Mazzot to say go ahead and roll your rule out on December 1st but just don't enforce it, a rule that I'm saying you don't have authority. So I think it's super clear, and everybody thought so. Maybe it is that clear, but I guess – well, keep going. But I'm wondering, is this a personal jurisdiction case for us? Is this a scope, just looking at the scope of the injunction? I don't think so, and here's why. Because I think – and again, this is sort of sui generis. And again, it's sui generis because Alvarez is trying something that nobody else I think has ever tried to do. But I actually think in some ways on first principles it's an easy case, and that is – Here's another example. Alvarez is walking up. Alvarez is like my neighbor walking up to my house with two police officers in tow, right? Friends of Alvarez, say, or my neighbor, and saying give me – knocking on the front door, opening the front door. I said give me $1,000. He says, these police officers are with me. Give me $1,000. So I give her the $1,000, and then later on I sue or bring charge something against Alvarez for having acted under a color of law because she had these police officers, and that's the only reason I gave her the $1,000. And then Alvarez is saying – or my neighbor, whichever one it is – is saying police officers? I've never heard of police officers. I've got no relationship with police officers. And that to me seems silly, Your Honors. The only reason Alvarez can walk into a New Jersey court and say give me the money to Cipolli is because she's cloaking herself in the authority – she is essentially a private attorney general. So it would be silly if – I work for an attorney general. If I walked into – if I walked in and said based on the authority of the state of Nevada, do this, and then say, well, I've got no relationship to the state of Nevada. And that's what Alvarez is doing. She's saying based on the authority of the Department of Labor, I say you give me some money. Not just me, but she really is acting like a private attorney general. She's not trying to get money for just herself. She's bringing a class action. She's doing exactly what the Department of Labor would do. And I also – Is Alvarez – is she, Alvarez the plaintiff, instituted other actions in other district courts throughout the United States? My understanding, and my colleague Cipolli is more aware of this, but my understanding is that there's at least one other that was instituted in another court, and there's other ones where they sent demand letters and the companies may have paid out money or something in order to not have a suit instituted because they don't want to go through the risk of exposure. So it really is an issue where they're going around the country. I don't know if they're all Alvarez, but I think it may be all Alvarez's counsel going around the country, and they're rolling the dice essentially. And it can be extremely low probability, but to quote Madison in Federalist 51, if judges were angels, then we wouldn't need to have procedural protections. Some judge somewhere – and this is not trying to belittle any judge, certainly not the New Jersey judge – but what they're doing is they're rolling the dice hoping that some judge somewhere will creatively reinterpret judgments on disorder. And so I guess here – so I don't actually think – it's admittedly novel. It's admittedly novel, but it's only novel because what Alvarez is trying to do here is novel. But as far as first principles, if Alvarez – we say in our brief she's got to take the bitter with the sweet. She can't have her cake and eat it too. Whatever metaphor you want to use, she can't wrap herself in the authority and basically try to act as a private attorney general in enforcing the rule and then pretend like she has no relationship whatsoever with the Department of Labor. So I actually don't think that's a very tough question. It's a novel question, but it's not a tough question. What seems to be novel though in the scholarship more is the nationwide injunction. It is the district court reaching out to say all Americans, you're on the edge of being a contemnor. That seems more novel than the hypothesis that a district court somewhere else will simply disregard what does seem to be a very clear invalidation of a rule. And if they do that, you can file for Rule 11 sanctions. I mean I think what you're suggesting to me is pretty darn clear. No court elsewhere has authority to disregard the invalidation of the rule, very distinct from saying this is a disruptor we will punish in Texas. So that is the tough – this case has some tough issues, Your Honor, and mostly tough I think because they're novel. And that is – I think you've hit precisely on what the tough issue in this case is. If you're Judge Mazzon and you just issued an order that very clearly stops a rule from going into effect and you find out – you can understand why Judge Mazzon did what he did here. You find out that people are rolling around the country essentially trying to get other district court judges. It's one thing to have the Fifth Circuit overturn your order. You probably don't like that, but that's their job, right? But it's another thing to roll around the country and just see if you can roll the dice and have some district court judge somewhere creatively reinterpret a rule. And so the question, the ultimate hard question – That would get closer to aiding and abetting the Department of Labor to evade. I didn't think that we could point in this record to rolling around the country. I thought we have one case in New Jersey. There's one case in New Jersey. There's another case I think that's talked about on the record, but I don't recall exactly. That could be quite important because that would begin to suggest there's collusion and they're in concert with the Department of Labor to retest it. I think just following this is enough, Your Honor, because they're – like I said, if you're looking for collusion, if you're looking for participation, acting in concert, they are essentially rolling in and saying hereby by the authority vested – it's like my two police officers, for example. You can't demand money based on authority of having these two cops with guns with you and then pretend like you're not in active participation with those. But I do want to – with my one minute left, Your Honor, I want to emphasize something there. This is a hard case. If this court ultimately decides contempt is just too big a hammer to try to police that, one way to police it is to allow the other courts to issue – to use Rule 11. There's many different ways you can try to address this. If the court decides contempt is too difficult, I think there is a practical solution in this case. It doesn't resolve sort of what I think is kind of an interesting – and somebody should write a law review article about this sort of problem of trying to circumvent Rule 705. But I think there's a way that this court can sort of practically make sure that the chaos at Alvarez, what Alvarez's counsel are trying to do, doesn't happen even if this court reverses judgments on it. I think if you just reverse judgments on it and you send it back, that will embolden Alvarez and her counsel, and they're going to keep doing what they're doing. And somewhere they may strike gold, and it will create the chaos that the restaurant law amicus brief very, very well points out. I think one way this court can keep that from happening is if this court will simply do what Judge Jolly was talking about, reinforce in a sentence or two, in his order, whatever it does, that yes, Judge Mezant did keep the rule from going into effect. He did the things that are in our brief and talked about. Then as a practical matter, even if Alvarez's contempt is overturned – I don't know what the court's going to do, but as a practical matter, I don't think that they will continue doing this. Not if the Fifth Circuit has said, come on, we know what Judge Mezant did. It was very clear. And so if the court would do that, I think it would practically fix the problem. You read all the amici – there's a separate amici brief that was filed telling us absolutely don't reach the validity of it. So that would be contrary to what you've just heard. Well, to be clear, I don't think you should reach the validity of – okay, I don't think you should – and you're going to – maybe I'll sound like I'm slicing the bologna. I don't think you should reach – and nobody's asking you to reach the validity of whether or not Judge Mezant – the merits of whether he should have enjoined the rule. In other words, was he right in thinking that the Department of Labor didn't have authority? That's not before the court, and Alvarez has said the court shouldn't reach that, and we've said the court – everybody's said that. What I'm talking about is just reaching the question, which I think is kind of central, as we've seen, Judge. I'll ask a question about whether or not Judge Mezant's order kept the rule from going into effect. And so that's a little bit different. And to be fair, they point that out on page – I think on page 24 of their opening brief, footnote four. Alvarez actually invites the court to reach that issue. You may disagree with my reading of his brief, but I'm entitled to creatively reinterpret that. Thank you, sir. Thank you, Your Honor. Thank you. Just a few brief points. Did he creatively reinterpret your footnote four? Yes. No one is asking – and I thought the state was in the same boat on this – asking this court to adjudicate the meaning of the injunction in terms of what it did with the rule. The only question is here, who does the injunction apply to? And I heard both counsel for the other side concede it applies to everyone in the nation. And there was another reference, a second point I'd like to make, as to nationwide injunctions. I don't think they – did they say that? I mean, someone that comes within – that comes within the parameters of the injunction, that is, that they've done some act to violate it. Anyone in the nation who filed a lawsuit employing this theory. Right. Anybody who brings a lawsuit like Alvarez, yes. Yes. And that is a scope of potentially millions looking ahead to any case in the future. It could be anyone who acts inconsistent with a government case. But the second point I wanted to make was I think things have – my friends on the other side have turned things around a little bit. There was a reference to nationwide injunctions, which is a topic of some dispute. Nationwide injunctions bind the party in question around the country. This injunction potentially binds everyone in the country. It's a nationwide injunction squared, or it's exponentially greater. There's debates about, well, should this litigant be bound everywhere in the country having lost its case in state acts? Everybody who wants to sue, everybody who wants the benefit of the regulation. Everyone who brings a – Who wants the benefit of the regulation. Yes, which is potentially a large group. The next point I wanted to make was there was a question about isn't this like a case in which there's an injunction not to dissipate assets? And couldn't somebody interfere with that as a stranger and be bound? Your Honor, I think Judge Higginson, you're referring to the Parker v. Ryan case from this circuit, which is in our briefs, and that expressly says that where one spouse, the concern is going to be dissipating assets of the other spouse, not an injunction violator unless the two are working together. If they're independent, there's no violation of the injunction. If the same law firm were bringing it all over, could you infer that they're working together with the Department of Labor? I don't think so, and I want to correct the record on that. Ms. Alvarez has appointed the no other suit. This law firm has brought one other case in Massachusetts, again, with state law claims and federal theories that do not necessarily turn on the application. Why was I thinking of Waffen-Schmidt? Waffen-Schmidt is a personal jurisdiction case which provides another lens to view what is – aiding and abetting test before a court can reach out and hold someone who otherwise has no context. I know you have limited time. How do we rule on jurisdiction, Rule 65 scope, or is the analysis the same? The analysis works out to be the same because the two tests with a due process as their base. Rule 65 is a due process rule. Personal jurisdiction is a due process concept. Absent aiding and abetting, active concern, working together in a way that courts are familiar with and which my friends on the other side admit is not here in any sense that I would recognize as aiding and abetting or active participation. So we went on that point as well. And you notice that conspicuously absent from the district court's ruling, he notes that aiding and abetting is required for personal jurisdiction, does not go through the analysis to explain how there's aiding and abetting here, and there is no aiding and abetting here. Hall, the Hall case, that is probably the high watermark for what Rule 65 does, and it looks nothing like this case. In that case, the defendant, or the person who the injunction was being extended to, was in the jurisdiction, on the premises in question, and was keeping the enjoined party from carrying out its affirmative duties. There is no world in which we are conspiring or handicapping or doing anything with respect to the United States. The Hall case does not help the other side in the least. You asked about questions about limiting the scope of Southwest or not expanding it. I would point the court to our cases on page 12 of our opening brief, including Fifth Circuit cases as well as the Seventh Circuit case and the Baha'i case, that talks about how this wouldn't even be a good argument in the preclusion context, let alone the injunctive lawbreaker context. And finally, injunctions have to be clear before they can be violated. We think this injunction, as a matter of law, can't extend to people who have no connection to the court, but at a bare minimum, this injunction did not clearly, for the first time in the history of the country, purport to enjoin everyone who brings a disfavored theory in a court. We ask that this order of contempt be reversed. Thank you. Thank you.